UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CARLY M HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-192 |
| | § | |
| SIKORSKY SUPPORT SERVICES, INC.; | § | |
| aka SIKORSKY AEROSPACE | § | |
| MAINTENANCE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff's Motion to Remand (D.E. 5).  This is an employment discrimination case in which Plaintiff alleges sex discrimination, hostile work environment, and retaliation, all in violation of provisions of the Texas Labor Code—state law actions.  Defendant has removed the case to this Court pursuant to its diversity jurisdiction, 28 U.S.C. § 1332.  For the reasons set out below, the Motion to Remand is GRANTED.

## STANDARD OF REVIEW

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Maguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir .2002).  Removal cannot be based simply upon conclusory allegations.  *Allen v. R & H Oil & Gas Co*., 63 F.3d 1326, 1335 (5th Cir. 1995).  Any ambiguities and all disputed questions of fact are construed against removal because the removal statute should be strictly construed in favor of remand.  *Id*.; *Dodson*

*v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992).  The strict construction rule arises because of "significant federalism concerns." *See generally, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

Where the amount in controversy is at issue, the complaint's statement of a maximum dollar amount is generally binding if alleged in good faith.  *Allen, supra*.  Under Texas procedure, a plaintiff does not have to plead a specific dollar amount of unliquidated damages and, if the plaintiff does so, it is not procedurally binding.  *Id*. (citing Tex. R. Civ. P. 47).  *See also, Martin v. Southwest PCS, LP*, No. SA-03-CA-866-XR, 2003 WL 22477692, 2003 U.S. Dist. LEXIS 19448, * 3, 8-11 (W.D. Tex. Nov. 3, 2003).  In that event, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the requisite jurisdictional amount.  *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

The jurisdictional facts supporting removal must be judged at the time of the removal.  *Allen, supra*.  If the basis for jurisdiction is ambiguous at the time of removal, the Court may consider post-removal affidavits to clarify or confirm jurisdictional facts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993).[1]

---

[1]   The *ANPAC* case was abrogated on other grounds—the order in which subject matter and personal jurisdiction challenges should be addressed—in *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998), *rev'd*, 526 U.S. 574, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999).

## THE JURISDICTIONAL DISPUTE

Diversity jurisdiction requires diversity of citizenship between the parties and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs."   28 U.S.C. § 1332(a).   While Plaintiff concedes diversity of citizenship between the parties, she disputes that Defendants have met the amount in controversy requirement.   That is because she pled in her state court petition:   "Plaintiff pleads for actual damages in an amount the jury deems reasonable under the circumstances, but in an amount not to exceed the sum of $75,000, inclusive of attorneys' fees and costs, and which exceeds the minimum jurisdictional limits of the Court."  D.E. 1-3, p. 4.

In a stipulation attached to her state pleading, she states, "I will not seek nor ask for an award of damages that exceeds the sum value of $75,000 inclusive of attorney's fees in this matter."  D.E. 1-3, p. 15.  In the Civil Case Information Sheet accompanying her state court filing, under the section asking for the amount of damages sought, there is an interlineation of "< 75,000 inclusive att fees & costs."  D.E. 1-3, p. 18.  After removal, as an exhibit to her Motion to Remand, Plaintiff filed her declaration "clarifying and confirming" that the damages she sought when she filed her petition and the damages she would accept then and now do not exceed $75,000.  D.E. 5, pp. 3, 11-12.

Defendant argues that Plaintiff's state law pleading, stipulation, and cover sheet were not sufficient to limit her claim to $75,000 and that she is not permitted to "clarify and confirm" post-removal in an effort to divest this Court of jurisdiction.   Defendant relies heavily on its analysis of the potential value of the damages claims.  In particular, Defendant asserts that, based on Plaintiff's wages prior to termination and date of

termination, her claim for lost wages in the past and future is approximately $115,500, alone.  D.E. 1-9 (Declaration of Colin Cain).  Under the statute, based upon the number of Defendant's employees, she could seek up to $300,000 in compensatory and punitive damages[2] along with attorney's fees.[3]  Defendant also observes that awards of this magnitude are upheld in the Texas courts.

## DISCUSSION

There is no question that a plaintiff's stipulation or affidavit accompanying a Texas state court petition can create a binding limitation on damages that defeats diversity jurisdiction.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  Courts, in unpublished cases, have expressed approval of a form of such a stipulation that includes language to the effect of:  "I will not accept damages exceeding $75,000."  *See Ditcharo v. United Parcel Service, Inc.*, 376 Fed. App'x 432, 437 (5th Cir. 2010) (*per curiam*); *Tovar v. Target Corp.*, No. SA-04-CA-557-XR, 2004 WL 2283536, 2004 U.S. Dist. LEXIS 20160, *2-3, 10-14 (W.D. Tex. Oct. 7, 2004).

In *Wear v. American Time Mfg.*, No. SA-12-CV-763-XR, 2012 WL 6629603, 2012 U.S. Dist. LEXIS 179288, *5 (W.D. Tex. Dec. 19, 2012), the court went so far as to say that a stipulation without the "I will not accept" language was insufficient.  On this record, and considering the obligation to construe matters against removal, the Court is not willing to go so far as to say that any particular "magic words" are required to bind a plaintiff to a certain damage amount and entitle that plaintiff to remand.  Assuming,

---

[2]  Tex. Labor Code § 21.2585(d)(4).

[3]  Tex. Labor Code § 21.259.

without deciding, that there is some ambiguity as to whether the stipulation was intended to bind Plaintiff to "accept" an amount less than $75,000, the Court must, as did the *Wear* court, consider whether Defendant demonstrated that the pleading, on its face, showed that the amount in controversy exceeded $75,000.

The *Wear* court concluded that the defendant had not met its burden of proof and, because the court had raised the issue *sua sponte*, afforded the defendant an additional opportunity to present evidence to meet that burden.  Here, however, Plaintiff's Motion to Remand has raised the issue and Defendant has had ample opportunity to present evidence of the amount in controversy.  Defendant has provided the Declaration of Colin Cain regarding Plaintiff's wages to show that her lost wages claim exceeds $75,000. D.E. 1-9.  At the same time, Plaintiff has presented her affidavit, curing any alleged defect, and making it abundantly clear that she always intended to be bound by a pledge to not "accept" damages over $75,000.  The Court finds that Plaintiff always intended to limit her damages.

Therefore, Defendant has not shown by a preponderance of the evidence that Plaintiff has placed in controversy damages exceeding $75,000.  Plaintiff has clarified any ambiguity as she is permitted to do under *ANPAC* and *Gebbia*.  This case does not implicate concerns regarding the manipulation of federal jurisdiction to a defendant's detriment because a plaintiff is entitled to limit the amount in controversy.  The only impropriety is where the plaintiff pleads an amount below the threshold and then seeks and recovers an amount over that same threshold while depriving the defendant of the federal forum.  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 n. 14 (5th Cir. 1995).

Here, Plaintiff has effectively limited herself to an amount that precludes federal jurisdiction.

      For these reasons, Plaintiff's Motion to Remand is GRANTED.

      ORDERED this 19th day of August, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE